# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

# IN AND FOR NEW CASTLE COUNTY

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | Cr. ID. No. 1303011941 |
| | ) | |
| | ) | |
| STERN E. GREEN, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Submitted: March 30, 2015
Decided: April 8, 2015

## COMMISSIONER'S REPORT AND RECOMMENDATION THAT DEFENDANT'S MOTION FOR POSTCONVICTION RELIEF SHOULD BE DENIED AND COUNSEL'S MOTION TO WITHDRAW SHOULD BE GRANTED.

Barzilai K. Axelrod, Esquire, Deputy Attorney General, Department of Justice, Wilmington, Delaware, Attorney for the State.

Theopalis K. Gregory, Sr., Esquire, 2227 N. Market Street, Wilmington, Delaware, 19802, Attorney for Defendant Stern Green.

PARKER, Commissioner

This 8th day of April, 2015, upon consideration of Defendant's Motion for Postconviction Relief, it appears to the Court that:

## BACKGROUND AND PROCEDURAL HISTORY

1. On June 10, 2013, Defendant Stern E. Green was indicted on charges of Drug Dealing Marijuana (Tier 2), Aggravated Possession of Marijuana (Tier 2), and Possession of Drug Paraphernalia. If convicted, Defendant was eligible to be sentenced as a habitual offender under both 11 *Del. C.* § 4214(a) and (b). If sentenced under 11 *Del. C.* § 4214(b), Defendant would be facing an automatic life sentence.

2. On September 30, 2013, Defendant Green pled guilty to Drug Dealing Marijuana (Tier 2) and Aggravated Possession of Marijuana (Tier 2). As part of the plea agreement, the remaining charge was dismissed.[1]

3. Also as part of the plea agreement, the parties agreed that even though Defendant was habitual offender eligible under both 11 *Del. C.* § 4214(a) and (b), the State would seek to have Defendant sentenced as a habitual offender, pursuant to 11 *Del. C.* § 4214(a), on the drug dealing charge. The State agreed not to seek to have Defendant sentenced as a habitual offender pursuant to 11 *Del. C.* § 4214(b). The parties further agreed that at sentencing the State would recommend not more than 10 years of unsuspended Level V time, and Defendant would not seek less than 5 years of unsuspended Level V time.[2]

4. On December 6, 2013, following a pre-sentence investigation, Defendant was sentenced. Defendant was declared a habitual offender, pursuant to 11 *Del. C.* § 4214(a), and sentenced to 5 years at Level V on the drug dealing charge. On the aggravated

---

[1] September 30, 2013 Plea Agreement.
[2] September 30, 2013 Plea Agreement.

possession charge, Defendant was sentenced to 5 years at Level V, suspended for 3 years at Level IV, suspended after 6 months at Level IV, for 18 months at Level III probation. Consequently, Defendant was sentenced to a total of 5 years of unsuspended Level V time, followed by decreasing levels of probation.

5.       Defendant did not file a direct appeal to the Delaware Supreme Court.

6.       Thereafter, Defendant filed a motion for modification of sentence.[3] By Order dated April 9, 2014, the Superior Court denied the motion on the basis, *inter alia,* that the sentence was imposed pursuant to the Plea Agreement agreed to by Defendant and because the sentence was appropriate for all the reasons stated at the time of sentencing.[4]

**FACTS**

7.       During the month of February 2013 an investigation was being conducted into the sale of illegal drugs from 5 Briarcliff Drive, New Castle, Delaware  19720.  On March 14, 2013, the New Castle County Drug Control Squad and Mobile Enforcement Team executed a search warrant at that residence.[5]

8.       A search of the residence was conducted and 1746 grams of marijuana packaged in 6 bags was found in a safe in Defendant Stern Green's bedroom.  Another three bags of marijuana, weighing approximately 10 grams, was located in a shoebox in Defendant's bedroom.  In a guest bedroom, an additional six grams of marijuana was found.  The total amount of marijuana seized was 1762 grams.[6]

---

[3] Superior Court Docket No. 16.
[4] Superior Court Docket No. 17.
[5] Affidavit of Probable Cause, Exhibit "B", attached to Justice of Peace Court 2 Commitment; Memorandum in Support of Motion to Withdraw as Rule 61 Counsel, Superior Court Docket No. 29, at pgs. 1-3.
[6] *Id.*

9.      Defendant Green had $814 in United States Currency.  He claimed to be unemployed for the last two years.[7]

10.     Defendant Green was arrested and taken into custody.  Defendant agreed to be interviewed and in a recorded statement admitted to the police that all of the marijuana seized belonged to him.  He told the police that he smoked the marijuana and also sold it as well.[8]

## RULE 61 MOTION AND COUNSEL'S MOTION TO WITHDRAW

11.     On April 25, 2014, Defendant filed a *pro se* motion for postconviction relief.  In Defendant Green's *pro se* motion, he raised four claims.  He claimed that: 1) the search performed by the New Castle County Police Department constituted an illegal search and seizure; 2) that his counsel was ineffective in representing him throughout the court proceedings and did not file necessary motions; 3) that the evidence seized and statements made while in custody were illegally obtained and should have been suppressed; and 4) that he was forced into accepting the plea agreement due to his counsel's ineffectiveness.

12.     Defendant was thereafter assigned counsel.  On February 24, 2015, assigned counsel filed a Motion to Withdraw as Postconviction Counsel pursuant to (pre-June 2014) Superior Court Criminal Rule 61(e)(2), (post-June 2014) Superior Court Criminal Rule 61(e)(6).[9]

13.     (Pre-June 2014) Superior Court Criminal Rule 61(e)(2), (post-June 2014) Rule 61(e)(6) provides that:

---

[7] *Id.*
[8] *Id.*
[9] Superior Court Criminal Rule 61(e) was amended effective June 4, 2014.  After June 4, 2014, Superior Court Criminal Rule 61(e)(2) is now set forth at Superior Court Criminal Rule 61(e)(6).

> If counsel considers the movant's claim to be so lacking in merit that counsel cannot ethically advocate it, and counsel is not aware of any other substantial ground for relief available to the movant, counsel may move to withdraw. The motion shall explain the factual and legal basis for counsel's opinion and shall give notice that the movant may file a response to the motion within 30 days of service of the motion upon the movant.

14. In the motion to withdraw, Defendant's Rule 61 counsel represented that, after undertaking a thorough analysis of the Defendant's claims, counsel has determined that the claims are so lacking in merit that counsel cannot ethically advocate any of them.[10] Counsel further represented that, following a thorough review of the record, counsel was not aware of any other substantial claim for relief available to Defendant Green.[11] Defendant's Rule 61 counsel represented to the court that there are no potential meritorious grounds on which to base a Rule 61 motion and has therefore sought to withdraw as counsel.[12]

15. Defendant's Rule 61 counsel advised Defendant of his motion to withdraw and advised Defendant that he had the right to file a response thereto within 30 days, if Defendant desired to do so.[13] Defendant filed a response to counsel's motion to withdraw.[14]

16. In response to Rule 61 counsel's motion to withdraw, Defendant requested that the court consider the merits of his Rule 61 motion and reiterated the claims made in his original motion that the search performed by the New Castle County Police Department

---

[10] See, Superior Court Docket No. 29- Defendant's Rule 61 counsel's Motion to Withdraw along with the accompanying Memorandum in Support of Motion to Withdraw.
[11] *Id.*
[12] *Id.*
[13] Rule 61's counsel's letter to Defendant dated February 23, 2015.
[14] Superior Court Docket No. 30.

4

constituted an illegal search and seizure and that the evidence and statements were illegally obtained and should have been suppressed.[15]

17.   In order to evaluate Defendant's Rule 61 motion and to determine whether Defendant's Rule 61 counsel's motion to withdraw should be granted, the court should be satisfied that Rule 61 counsel made a conscientious examination of the record and the law for claims that could arguable support Defendant's Rule 61 motion.  In addition, the court should conduct its own review of the record in order to determine whether Defendant's Rule 61 motion is so totally devoid of any, at least, arguable postconviction claims.[16]

**DEFENDANT'S RULE 61 MOTION**

18.   The claims raised in the subject motion are procedurally barred, waived and without merit.

### A) Procedural Bars Preclude Consideration of Some of Defendant's Claims

19.   Prior to addressing the substantive merits of any claim for postconviction relief, the Court must first determine whether the defendant has met the procedural requirements of Superior Court Criminal Rule 61.[17]  If a procedural bar exists, then the claim is barred, and the Court should not consider the merits of the postconviction claim.[18]

20.   The Rule 61 (i), which was in effect at the time Defendant filed his Rule 61 motion,  imposed four procedural imperatives.[19] That Rule 61(i) required that:  (1) the motion must be filed within one year of a final order of conviction;[20] (2) any basis for

---

[15] Superior Court Docket No. 30.

[16] See, for example, *Roth v. State of Delaware,* 2013 WL 5918509,  at *1 (Del. 2013)(discussing standard to be employed when deciding counsel's motion to withdraw on a defendant's direct appeal.).

[17] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).

[18] *Id.*

[19] Rule 61(i) was revised effective June 4, 2014.  Defendant filed his motion on April 25, 2014, before the effective date of the revisions.

[20] If a final order of conviction occurred on or after July 1, 2005, the motion must be filed within one year. See, Super.Ct.Crim.R. 61(i)(1)(July 1, 2005).

relief must have been asserted previously in a prior postconviction proceeding; (3) any basis for relief must have been asserted at trial or on direct appeal as required by the court rules unless the movant shows prejudice to his rights or cause for relief; and (4) any basis for relief must not have been formally adjudicated in any proceeding. The bars to relief under (1), (2), and (3), however, do not apply to a claim that the court lacked jurisdiction or to a colorable claim that there was a miscarriage of justice because of a constitutional violation that undermined the fundamental legality, reliability, integrity or fairness of the proceedings leading to the judgment of conviction.[21]  Moreover, the procedural bars of (2) and (4) may be overcome if "reconsideration of the claim is warranted in the interest of justice."[22]

21.    In accordance with the procedural mandates, Defendant was required to raise his claims, with the exception of his ineffective assistance of counsel contentions, on direct appeal.[23] Defendant's ineffective assistance of counsel claims are not procedurally barred because a Rule 61 motion is the appropriate vehicle for raising this claim.[24]

22.    With the exception of Defendant's ineffective assistance of counsel claims, the other claims raised by Defendant are procedurally barred by Rule 61(i)(2) & (3), for Defendant's failure to raise the claims on direct appeal.  Defendant's claim that the search performed by the New Castle County Police Department constituted an illegal search and seizure (Claim One), and that the evidence and statements were illegally

---

[21]  Super.Ct.Crim.R. 61(i)(5) (pre-June 4, 2014).
[22]  Super.Ct.Crim.R. 61(i)(4) (pre-June 4, 2014).
[23] See, *Malin v. State,* 2009 WL 537060, at *5 (Del.Super. 2009); *Desmond v. State,* 654 A.2d 821, 829 (Del. 1994).
[24] *Id.*

6

obtained and not properly suppressed (Claim Three) are procedurally barred by Rules 61(i)(2) and (3) for Defendant's failure to raise them on direct appeal.[25]

### B) Defendant Waived His Claims Upon Entry of His Plea

23. In addition to some of Defendant's claims being procedurally barred, all of Defendant's claims were waived upon the entry of Defendant's guilty plea.

24. A defendant is bound by his answers on the plea form and by his testimony at the plea colloquy in the absence of clear and convincing evidence to the contrary.[26] In this case, the Truth-in-Sentencing Guilty Plea Form, Plea Agreement and plea colloquy reveal that Defendant knowingly, voluntarily and intelligently entered a guilty plea to the charges for which he was sentenced.

25. At the plea colloquy, it was acknowledged by both defense counsel and the court that, if convicted, Defendant was eligible to be sentenced as a habitual offender under 11 *Del. C.* § 4214(b), and that if the State sought to do so, Defendant would be facing an automatic life sentence.[27]

26. Under the terms of the plea agreement, however, the State agreed that it would not seek to declare Defendant a habitual offender under 11 *Del. C.* § 4214(b), but instead would seek to declare Defendant a habitual offender under 11 *Del. C.* § 4214(a), and would cap its recommendation for Level V time to not more than 10 years.[28] Defendant was obligated, under the terms of the plea agreement, to not seek less than 5 years of unsuspended Level V time.

---

[25] Super.Ct.Crim.R. 61(i), as revised effective June 4, 2014, would still operate to preclude the same claims procedurally barred under the former rule.

[26] *State v. Harden,* 1998 WL 735879, *5 (Del. Super.); *State v. Stuart,* 2008 WL 4868658, *3 (Del. Super. 2008).

[27] September 30, 2013 Plea Transcript.

[28] September 30, 2013 Plea Transcript; Plea Agreement dated September 30, 2013.

27.     Defendant personally represented to the court that he had read and understood the truth-in sentencing guilty plea form, the plea agreement and a revocation of driver's license form.  Defendant represented that he had reviewed these forms with his counsel, and also that he had discussed the plea offer with counsel.[29] Defendant represented that nobody was forcing him to enter his plea. Defendant represented that he was freely and voluntarily pleading guilty to the charges listed in the plea agreement.  Defendant represented that he was not being threatened or forced to do so by his attorney, by the State, or by anyone else.[30]

28.     In the Truth-in-Sentencing Guilty Plea Form, Defendant represented that he understood that by pleading guilty he was waiving his constitutional rights: to have a trial; to be presumed innocent until the State proves each and every part of the charges against him beyond a reasonable doubt; to a trial by jury; to cross-examine witnesses against him; to present evidence in his defense; to testify or not testify; and to appeal, if convicted.[31] Defendant represented that all his answers in the Truth-in-Sentencing Guilty Plea Form were truthful and that he read and understood all the information on the form.[32]

29.     Defendant represented that his counsel had fully advised him of his rights and that he was satisfied with his counsel's representation.[33]

30.     Defendant represented that he had not received any promises by anyone as to what his sentence would be.[34] Defendant represented that he was satisfied with his

[29] September 30, 2013  Plea Transcript, at pgs. 7-8.
[30] Truth-In-Sentencing Guilty Plea Form dated September 30, 2013.
[31] Truth-in-Sentencing Guilty Plea Form dated September 30, 2013.
[32] Truth-in-Sentencing Guilty Plea Form dated September 30, 2013; September 30, 2013 Plea Transcript, at pgs. 7-8.
[33] Truth-In Sentencing Guilty Plea Form dated September 30, 2013.

counsel's representation, that his counsel fully advised him of his rights, and that he understood the consequences of entering into his guilty plea.[35]

31. Defendant also admitted his guilt as to both charges for which he pled guilty.[36] Only after finding that Defendant's plea was entered into knowingly, intelligently and voluntarily, did the court accept the plea.[37]

32. Defendant has not presented any clear, contrary evidence to call into question his prior testimony at the plea colloquy, Plea Agreement or answers on the Truth-In Sentencing Guilty Plea Form. As confirmed by the plea colloquy, Plea Agreement and the Truth-In Sentencing Guilty Plea Form, Defendant entered his plea knowingly, intelligently and voluntarily.

33. Since Defendant's plea was entered into voluntarily, intelligently and knowingly, Defendant waived his right to challenge any alleged errors or defects occurring prior to the entry of his plea, even those of constitutional proportions.[38]

34. The claims that Defendant seeks to raise in his Rule 61 motion were waived when Defendant voluntarily entered his plea. Indeed, all of Defendant's claims, including those alleging ineffective assistance of counsel stem from allegations of defects, errors, misconduct and deficiencies which occurred prior to the entry of the plea, and were all waived when Defendant knowingly, freely and intelligently entered his plea.

---

[34] September 30, 2013 Plea Transcript, at pg. 9-12; Truth-In-Sentencing Guilty Plea Form dated September 30, 2013.

[35] Truth-In-Sentencing Guilty Plea Form dated September 30, 2013.

[36] September 30, 2013 Plea Transcript, at pg. 12.

[37] September 30, 2013 Plea Transcript, at pg. 12.

[38] *Somerville v. State,* 703 A.2d 629, 632 (Del. 1997); *Modjica v. State,* 2009 WL 2426675 (Del. 2009); *Miller v. State,* 840 A.2d 1229, 1232 (Del. 2004).

9

### C) Defendant's Claims Are Without Merit

35. In addition to some of Defendant's claims being procedurally barred and all of Defendant's claims being waived, all of Defendant's claims are also without merit.

**Overview**

36. Before addressing each of the claims that Defendant raised in his Rule 61 motion, it is important to emphasize that, if convicted, Defendant was eligible to be sentenced as a habitual offender under 11 *Del. C.* § 4214(b), and facing an automatic life sentence.

37. Defendant received a significant benefit by pleading guilty. As per the terms of the plea agreement, the State agreed not to seek to sentence Defendant as a habitual offender under 11 *Del. C.* § 4214(b). The State agreed to seek to sentence Defendant as a habitual offender under 11 *Del. C.* § 4214(a), and to cap its recommendation for unsuspended Level V time to 10 years. In return, Defendant agreed not to seek less than 5 years in unsuspended Level V time. Ultimately, Defendant was sentenced to a total of 5 years of unsuspended time at Level V. His guilty plea represented a rational choice given the pending charges, the evidence against him, and the potential sentence he was facing.

38. Defendant's specific claims raised in his Rule 61 motion will now each be addressed in turn.

**Defendant's Specific Claims**

39. In Claim One and Claim Three, Defendant contends that the search performed by the New Castle County Police Department constituted an illegal search and seizure and that evidence and statements were illegally obtained and not properly suppressed. These claims are without merit.

10

40.    First, Defendant could have rejected the plea agreement and elected to go to trial and put the State to its burden of proof.  He could have challenged the chain of custody of whatever evidence he believes should have been challenged.  He could have challenged the sufficiency of the evidence. Defendant waived his trial and his right to contest the charges against him when he knowingly, voluntarily and intelligently entered his plea.

41.    Moreover, as Rule 61 counsel notes, no valid legal basis existed upon which the validity of the search warrant or confession could be challenged.[39]   Although Defendant contends that he was not personally identified in the search warrant, the single family residence at issue was properly identified in the search warrant.  Therefore, the entire residence could properly be searched pursuant to the search warrant.[40]  There appears to be no meritorious legal basis to successfully contest the suppression of the evidence seized from the search warrant.

42.    Defendant also challenges the physical evidence in light of the 2014 investigation of the Office of the Chief Medical Examiner ("OCME").  In this case, Defendant pled guilty to possession with the intent to deliver 1,500 grams or more of marijuana.  He also pled guilty to knowingly possessing 1,500 grams or more of marijuana.  Defendant, during the plea colloquy, admitted to committing these offenses.[41]

43.    The Delaware Supreme Court has held that by pleading guilty, a defendant gives up his right to trial and his right to learn of any impeachment evidence.[42]  Defendant's knowing, intelligent and voluntary guilty plea waived any right he had to test the strength of the State's evidence against him at trial, including the chain of custody of the drug

---

[39] Rule 61 Counsel's Memorandum in Support of Motion to Withdraw, at pgs. 3-4.
[40] See, *United States v. Poppitt,* 227 F.Supp. 73, 76 (D. Del. 1964).
[41] September 30, 2013 Plea Colloquy, at pgs. 12-13.
[42] *Brown v. State,* 2015 WL 307389, at *1, 4-5 (Del. 2015); See also, *State v. Alston,* 2014 WL 7466536, at *4 (Del. 2014); and *State v. Absher,* 2014 WL 7010788 (Del. 2014).

evidence.[43] When, as here, a defendant like Defendant Green admits that he committed the crime of which he is accused in a valid plea colloquy, he is prevented from reopening his case to make claims that do not address his actual guilt.[44]

44. When a defendant like Defendant Green has admitted in his plea colloquy that he possessed marijuana and intended to sell it, the OCME investigation provides no logical or just basis to upset his conviction.[45]

45. Rule 61 counsel further notes that a thorough review of the record shows that no OCME reports were submitted to Defendant's trial counsel and therefore could not have been used as a basis for Defendant's decision to accept the plea.[46] There is no merit to this claim.

46. Defendant also contends that his confession should have been suppressed. Again, Defendant waived this claim at the time he entered his guilty plea. Moreover, as Rule 61 counsel noted, there was no valid legal basis warranting the suppression of his confession. Defendant was properly advised of his rights by the interviewing police officer prior to Defendant admitting to his participation in the charged drug dealing activities.[47] There were no meritorious grounds upon which to base a motion to suppress the search, evidence seized, or statements made while in custody.

47. Lastly, we turn to Defendant's two claims of ineffective assistance of counsel. Defendant contends that his counsel was ineffective (Count Two) and that he was forced to accept the plea agreement due to his counsel's ineffectiveness (Count Four).

---

[43] *Id.*
[44] *Id.*
[45] *Id.*
[46] See, Rule 61 Counsel's Memorandum in Support of Motion to Withdraw, at pgs. 4-5.
[47] See, Rule 61 Counsel's Memorandum in Support of Motion to Withdraw, at pgs. 4-5.

12

48.     In order to prevail on an ineffective assistance of counsel claim in the context of a plea challenge, it is not sufficient for the defendant to simply claim that his counsel was deficient. The Defendant must also establish that counsel's actions were so prejudicial that there was a reasonable probability that, but for counsel's deficiencies, the defendant would not have taken a plea but would have insisted on going to trial.[48] Mere allegations of ineffectiveness will not suffice; instead, a defendant must make and substantiate concrete allegations of actual prejudice.[49]

49.     The United States Supreme Court has reiterated the high bar that must be surmounted to prevail on an ineffective assistance of counsel claim.[50] The United States Supreme Court cautioned that in reviewing ineffective assistance of counsel claims in the context of a plea bargain, the court must be mindful of the fact that "[p]lea bargains are the result of complex negotiations suffused with uncertainty, and defense attorneys must make careful strategic choices in balancing opportunities and risks."[51]

50.     Defendant's claims of ineffective assistance of counsel are without merit. Defendant has not established that his counsel was deficient in any regard nor has he established that he suffered any actual prejudice as a result thereof.

51.     In the subject motion, Defendant claims that he was forced to enter into the plea, and that he was not satisfied with his counsel's representation. These contentions, however, are directly at odds with the representations Defendant made to the court at the time he accepted his plea. Indeed, at the time that Defendant accepted the plea, Defendant represented that nobody was forcing him to enter his plea and that he was

---

[48] *Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984); *Somerville v. State,* 703 A.2d 629, 631 (Del. 1997); *Premo v. Moore,* 131 S.Ct. 733, 739-744 (2011).
[49] *Younger v. State*, 580 A.2d 552, 556 (Del. 1990).
[50] *Premo v Moore,* 131 S.Ct. 733, 739-744 (2011).
[51] *Id.*, at pg. 741.

satisfied with his counsel's representation. Defendant represented that he was not being threatened or forced to do so by his attorney, by the State, or by anyone else.

52. As previously discussed, a defendant is bound by his answers on the plea form and by his testimony at the plea colloquy in the absence of clear and convincing evidence to the contrary.[52] Defendant has not presented any clear, contrary evidence to call into question his prior testimony at the plea colloquy or answers on the Truth-In Sentencing Guilty Plea Form. Defendant's claim that his plea was coerced, and that he was unsatisfied with his counsel's representation, are without merit.

53. Furthermore, because there were no meritorious grounds upon which to base a motion to suppress the search, evidence seized, or statements made while in custody, counsel cannot be deemed deficient for failing to file any such motions.

54. The decision to accept the plea, and not go to trial, does not appear to be deficient in any regard. Defense counsel's representation of Defendant does not appear to be deficient in any regard and Defendant cannot establish that he suffered any prejudice as a result thereof. Defendant cannot establish that he would have received a lesser sentence if he proceeded to trial. Defendant has failed to satisfy either prong of the *Strickland* test and, therefore, his claims of ineffective assistance of counsel fail.

55. As discussed above, Defendant's guilty plea was knowingly, voluntarily and intelligently entered. Defendant cannot now seek to contest the sufficiency of the evidence or the alleged shortcomings of his counsel during the pre-trial and plea process. Defendant's claims were waived when he knowingly, voluntarily and intelligently accepted the plea offer.

---

[52] *State v. Harden,* 1998 WL 735879, *5 (Del. Super.); *State v. Stuart,* 2008 WL 4868658, *3 (Del. Super. 2008).

14

56. The court has reviewed the record carefully and has concluded that Defendant's Rule 61 motion is without merit and devoid of any other substantial claims for relief. The court is also satisfied that Defendant's Rule 61 counsel made a conscientious effort to examine the record and the law and has properly determined that Defendant does not have a meritorious claim to be raised in his Rule 61 motion.

For all of the foregoing reasons, Defendant's Motion for Postconviction Relief should be denied and Defendant's counsel's motion to withdraw should be granted.

**IT IS SO RECOMMENDED.**

_____
Commissioner Lynne M. Parker

oc: Prothonotary
cc: Raymond D. Armstrong, Esquire
cc: Mr. Stern Green

15